JACOB J. SHUBERT, Plaintiff, v. JEROME KEIT, Defendant.

Supreme Court, New York County, May 2, 1929.

*William Klein* [*Max D. Steuer* of counsel], for the plaintiff.

*Bennett & Wattenberg* [*Nathan Burkan* of counsel], for the defendant.

LEVY, J. The evidence is convincing that a definite contract was entered into between these parties. The writing which followed may be treated as mere surplusage, for it was nothing more than formal repetition. By the arrangement the two became coadventurers bound by fiduciary obligations akin to those of partners. There was thus created a confidential relationship. In these respects and possibly others this case may well be distinguished

*Amd. by Laws of 1928, chap. 845 — [REP.

from *Armstrong* v. *Rickard* (199 App. Div. 880) and the other authorities cited by the defendant. In fact, in the *Armstrong* case no copartnership whatever was actually established, and it requires no multiplicity of citation for the proposition that in such event the party aggrieved is relegated to an action for damages merely.

It must be perfectly clear that a party bearing to another a fixed relation of trust and confidence arising from a definite contract has no right whatever to so conduct himself as to cause loss to the enterprise or work injury to his colleague in privity. Here the defendant gravely violated the fiduciary relationship, acting for his own selfish purpose and completely ignoring his coadventurer. That is precisely the vice of which the defendant is culpably guilty. There is an abundance of sound judicial utterance in the books effectively treating with this sort of practice. But a few reported cases selected at random may prove helpful in this direction. (See *Wood* v. *Rabe*, 96 N. Y. 414; *Goldsmith* v. *Goldsmith*, 145 id. 313; *Sinclair* v. *Purdy*, 235 id. 245; *Underhill* v. *Schenck*, 238 id. 7; *McKenna* v. *Meehan*, 248 id. 206; *Meinhard* v. *Salmon*, 249 id. 458.)

In the circumstances, therefore, equity may properly intervene, for where, as here, there has been such an abuse of a confidential relation as to lead to the implication of a trust, equity gives relief on the ground of the perpetration of the fraud. The general rule was more than once declared to be that when a person through the influence of a fiduciary relation acquires title to property or obtains an advantage which he cannot conscientiously retain, equity, to prevent the abuse of confidence and redress the fraud, will grant relief.

Accordingly, the judgment of the court must go to the plaintiff. Proposed findings and conclusions passed upon and in conformity therewith let the prevailing party within three days submit decision and decree.